IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONITA BARNES,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          1:22-cv-736
                                  )
QUEST DIAGNOSTICS CLINICAL        )
LABORATORIES, INC.,               )
                                  )
          Defendant.              )


## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is Defendant's Motion to Dismiss
Plaintiff's Complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6). (Doc. 8.) For the reasons stated herein,
Defendant's Motion to Dismiss will be granted.

## I.   FACTUAL BACKGROUND

On a motion to dismiss, a court must "accept as true all of
the factual allegations contained in the complaint and draw all
reasonable inferences in favor of the plaintiff." Ray v. Roane,
948 F.3d 222, 226 (4th Cir. 2020) (cleaned up). The facts, taken
in the light most favorable to Plaintiff, are as follows.

Ronita Barnes ("Plaintiff") began working for Quest
Diagnostics Clinical Laboratories, Inc. ("Defendant") on
March 19, 2019, as a Physician Account Executive. (Compl. and

Jury Request ("Compl.") (Doc. 1) ¶ 9.)[1] Plaintiff's job included "establish[ing] new business" for Defendant and "upsell[ing] accounts for different kinds of lab work." (Id. ¶ 10.) Plaintiff "brought in millions of dollars worth of new business and received praise from both existing clients and new accounts." (Id. ¶ 14.) Plaintiff is a Black woman. (Id. ¶ 8.)

Plaintiff worked with Account Manager Vicki Hudson ("Hudson"), who managed the accounts Plaintiff brought in. (Id. ¶ 12.) Jack Delia ("Delia") was Plaintiff's supervisor. (Id. ¶ 15.) Delia and Hudson are White. (Id. ¶¶ 12, 15.) Plaintiff is "the only [B]lack employee in her territory." (Id. ¶ 11.)

Plaintiff alleges several facts about her relationship with Delia and Delia's relationship with Hudson. Plaintiff alleges that Delia was "angered" by Plaintiff's success, and "constantly put [Plaintiff] down." (Id. ¶ 15.) "Meanwhile, Delia praised Hudson for her work, even though Hudson frequently made mistakes and ignored Delia's direct orders." (Id. ¶ 16.) "Hudson often failed to complete assigned tasks and messed up accounts that [Plaintiff] started." (Id. ¶ 13.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

"In July 2021, Delia wrote [Plaintiff] up for not getting along well enough with Hudson," but "Hudson did not get written up for not getting along with [Plaintiff]." (Id. ¶¶ 19, 20.) Delia also wrote Plaintiff up "because he mistakenly though [sic] [Plaintiff] told a client something she had not." (Id. ¶ 19.) Plaintiff "urged Delia to listen to the recording of the customer conversation that Delia was writing her up for, but Delia refused and wrote her up anyway." (Id. ¶ 21.) The write up itself "contained numerous additional alleged problems Delia had never mentioned [prior]." (Id. ¶ 22.) After the July write up, "Delia began intentionally interfering with [Plaintiff's] ability to onboard new accounts by telling IT not to set up interfaces for them," which "directly prevented [Plaintiff] from making more money." (Id. ¶ 23.) In October 2021, Plaintiff "spoke to HR about Delia, but nothing was done." (Id. ¶ 24.)

Additionally, Plaintiff "worked with [Defendant's] African American Business Leadership Program, a nation-wide program for [Defendant's] employees." (Id. ¶ 17.) However, at an unspecified time, Delia told the Program "not to talk to [Plaintiff] anymore." (Id. ¶ 18.)

On December 6, 2021, Delia fired Plaintiff a week before Plaintiff was due to receive a large commission for a new business she had brought in. (Id. ¶¶ 25, 28.) Delia told

- 3 -

Plaintiff she was terminated because "in June 2021, prior to her one write-up, she had sent him an [sic] calendar invitation to a site visit for a new account late." (Id. ¶ 26.) Delia did not mention the late calendar invite at any time before he fired Plaintiff. (Id. ¶ 27.)

Plaintiff's Complaint contains two causes of action: race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and race discrimination in violation of 42 U.S.C. § 1981. (Id. at 5–6.)

## II. PROCEDURAL HISTORY

Plaintiff filed her Complaint on September 6, 2022. (Compl. (Doc 1).) On October 24, 2022, Defendant filed a motion to dismiss, (Mot. to Dismiss ("Def.'s Mot.") (Doc. 8)), and a brief in support, (Br. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Br.") (Doc. 9)). Plaintiff responded, (Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (Doc. 10)), and attached three exhibits to her response: an Equal Employment Opportunity Commission ("EEOC") Charge Form, (Ex. 1 ("EEOC Charge Form") (Doc. 10-1)); an EEOC Acknowledgement of Charge, (Ex. 2 ("EEOC Acknowledgement") (Doc. 10-2)); and an EEOC Notice of Right to Sue, (Ex. 3 ("Right to Sue Notice") (Doc. 10-3)). Defendant replied. (Reply Br. in Supp. of Def.'s Mot to Dismiss ("Def.'s Reply") (Doc. 11).)

## III. <u>STANDARD OF REVIEW</u>

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556–57). The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 555, 570; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 680; <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009) (applying the <u>Twombly</u>/<u>Iqbal</u> standard to evaluate the legal sufficiency of pleadings). When ruling on a motion to dismiss, a court must accept the complaint's well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. <u>Iqbal</u>, 556 U.S. at 676—79. However, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Employment discrimination complaints must meet the Twombly/Iqbal plausibility standard; however, the plaintiff is not required to make out a prima facie case or satisfy any heightened pleading requirements at the motion to dismiss stage. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 584–85 (4th Cir. 2015). The plaintiff is, however, required to plead facts that permit the court to reasonably infer each element of the prima facie case. McCleary-Evans, 780 F.3d at 585; see also Iqbal, 556 U.S. at 682–83 (plaintiff must plead facts supporting reasonable inference of discriminatory intent); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 191 (4th Cir. 2010) (stating that a complaint must "assert facts establishing the plausibility" that plaintiff was terminated based on race). Once the plaintiff has made a plausible showing of each element, the claim will survive a motion to dismiss and the burden then shifts to the defendant to provide "some legitimate, nondiscriminatory reason" for the disparate treatment. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

IV. **ANALYSIS**

Defendant argues: (1) Plaintiff fails to allege a Title VII claim because she did not file a charge with the EEOC before commencing suit; and (2) fails to allege a Section 1981 claim because she does not plausibly allege race was the "but-for" cause of her termination. (Def.'s Br. (Doc. 9) at 5.)

A. **Title VII Exhaustion Requirement**

"As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission." Fort Bend Cnty. v. Davis, 587 U.S. ----, 139 S. Ct. 1843, 1846 (2019) (citing 42 U.S.C. §§ 2000e-5(e)(1), (f)(1)). A charge must be filed by the plaintiff within 180 days of the alleged discriminatory incident. 42 U.S.C. § 2000e-5(e)(1). Upon receipt of the charge, "the EEOC notifies the employer and investigates the allegations." Fort Bend Cnty., 139 S. Ct. at 1847 (citing 42 U.S.C. § 2000e-5(b)). If the EEOC determines that there is "n[o] reasonable cause to believe the charge is true," it dismisses the charge and gives the complainant a "right-to-sue" notice. Id.

In Fort Bend County, the Supreme Court held that while Title VII's administrative exhaustion requirement is not a jurisdictional requirement and thus may be waived, it is a

- 7 -

"mandatory claim-processing rule." Id. at 1851. Therefore, if timely raised by a defendant, failure to comply with the rule warrants dismissal under Rule 12(b)(6). Cowgill v. First Data Techs., Inc., 41 F.4th 370, 378 (4th Cir. 2022); Walton v. Harker, 33 F.4th 165, 172 (4th Cir. 2022) ("It is well settled that before filing suit under Title VII . . . a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC.").

Here, Plaintiff alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq. (Compl. (Doc. 1) ¶ 5.) However, on the face of the Complaint, Plaintiff fails to allege that she exhausted her administrative remedies. Plaintiff only states that "[o]n December 6, 2021, Delia terminated [Plaintiff]." (Id. ¶ 25.) Defendant raised the exhaustion requirement in its brief, (Def.'s Br. (Doc. 9) at 6-8), and when Plaintiff responded she attached exhibits showing she filed an EEOC Charge, obtained a Notice of Right to Sue, and timely filed this lawsuit, (see Pl.'s Resp. (Doc. 10) 1-2). The issue is whether this court may properly consider the documents attached to Plaintiff's response at the motion to dismiss stage.

Generally, in resolving a Rule 12(b)(6) motion to dismiss, "a district court cannot consider matters outside the pleadings

- 8 -

without converting the motion into one for summary judgment."
Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013)
(citing Fed. R. Civ. P. 12(d)). However, "when a defendant
attaches a document to its motion to dismiss, 'a court may
consider it in determining whether to dismiss the complaint [if]
it was integral to and explicitly relied on in the complaint and
[if] the plaintiffs do not challenge its authenticity.'" Am.
Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234
(4th Cir. 2004) (internal citations omitted). A court may also
consider extrinsic evidence at the motion to dismiss stage by
taking judicial notice of matters of public record. Philips v.
Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff argues that the EEOC charge and Notice of Right
to Sue are integral to her Complaint because "Plaintiff relies
on them to meet Title VII's time limit requirements." (Pl.'s
Resp. (Doc. 10) at 4 (citing Holowecki v. Federal Express Corp.,
440 F.3d 558, 565-66 (2nd Cir. 2006) in support).) Plaintiff
alternatively argues the documents "are public records of which
the court may take notice." (Id. (citing Sanchez v. Truse
Trucking, Inc., 74 F. Supp. 3d 716, 728-29 (M.D.N.C. 2014) in
support).)

Defendant replies: "[f]ar from 'explicitly rel[ying]' on
the EEOC Filings, Plaintiff's Complaint makes no mention of the

- 9 -

Charge or any proceeding before the EEOC. The Charge was not attached to Defendant's Motion to Dismiss." (Def.'s Reply (Doc. 11) at 9–10.) Defendant further argues that it did not have notice of the EEOC filings before Plaintiff attached them to her response,[2] and courts generally only take judicial notice of EEOC filings when the filings are referenced in the plaintiff's complaint. (Id. at 11.)

Plaintiff cites a Second Circuit case, Holowecki v. Federal Express Corp., 440 F.3d 558 (2nd Cir. 2006), in support of her argument that the EEOC filings are integral and thus should be properly considered by this court, despite failing to reference them in her Complaint. (See Pl.'s Resp. (Doc. 10) at 4.) However, Holowecki is distinguishable because in Holowecki, the plaintiff's complaint specifically alleged the defendant was placed on notice of the allegations in the complaint by EEOC Charge. See Jury Demand ¶ 29, Holowecki v. Fed. Express Corp., No. 02CV03355, 2002 WL 34349050 (S.D.N.Y. Apr. 30, 2002) ("Federal Express was placed on notice of the allegations that it was discriminating . . . no later than May, 1995, by EEOC Charge # 151951501 . . . ."). Furthermore, the rule articulated in Holowecki applies to situations where a defendant attaches

---

[2] Defendant states that "[a]t the time Plaintiff submitted her EEOC Charge in May 2022, [Defendant] did not have a location at the address listed." (Def.'s Reply (Doc. 11) at 12 n.6.)

documents to its motion to dismiss when those documents were referenced in the complaint and integral to the case. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2nd Cir. 1991) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." (emphasis added)).

District courts in this circuit citing to Holowecki interpret the rule similarly. See e.g., Coon v. Rex Hosp., Inc., No. 20-cv-00652, 2021 WL 3620282, at *2 (E.D.N.C. Aug. 16, 2021) (considering a plaintiff's EEOC right-to-sue letter when the plaintiff alleged she "timely filed charges of discrimination" with the EEOC and "complied with all administrative prerequisites to bring this lawsuit," and the defendant attached the right-to-sue letter in its motion to dismiss to dispute the claim was timely); Oglesby v. Itron Elec. Metering Inc., No. 17-cv-00216, 2017 WL 9286980, at *3 (D.S.C. Mar. 14, 2017) (considering a plaintiff's EEOC right-to-sue letter when defendant attached it to its motion to dismiss to dispute the claim was timely). By contrast, in Chisholm v. Mountaire Farms

- 11 -

of North Carolina Corp., 629 F. Supp. 3d 368 (M.D.N.C. 2022), the district court declined to consider the plaintiff's EEOC charge documents attached to his response to the motion to dismiss when the documents were not explicitly referenced in the complaint. Id. at 374.

This case is distinguishable from Holoweckzi and similar to Chisholm because, here, Plaintiff does not reference her EEOC filings at all in her Complaint. Furthermore, Defendant does not attach the filings to its motion to dismiss — Plaintiff attaches them to her response. Accordingly, Plaintiff's EEOC documents are not considered "integral" to her Complaint.

Plaintiff's argument that the court may take "judicial notice" of the EEOC filings fails for similar reasons. District courts in this circuit take judicial notice of EEOC filings when they are attached to a defendant's motion to dismiss. See, e.g., Yang v. Lai, No. 22CV5, 2022 WL 2440834, at *1 n.2 (M.D.N.C. July 5, 2022) (taking judicial notice of the plaintiff's EEOC charge and right-to-sue letter as matters of public record when the plaintiff: (1) alleged in his complaint that he filed charges with the EEOC and received a right to sue letter; (2) attached the right-to-sue letter to his complaint; and (3) the defendants attached the plaintiff's EEOC charge to their motion to dismiss). Plaintiff fails to cite any case where a court took

- 12 -

judicial notice of EEOC filings attached to a plaintiff's response when a plaintiff failed to reference any EEOC charge in the complaint.

Accordingly, this court will not consider Plaintiff's EEOC filings attached to her response. Taking the allegations in the Complaint as true and drawing all inferences in favor of Plaintiff, Plaintiff has not alleged she exhausted her administrative remedies as required by Title VII. Although Plaintiff alleged this court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 2000e et. seq., Plaintiff failed to specifically allege she exhausted her administrative remedies, and Defendant timely raised the issue. Thus, this court will dismiss without prejudice Plaintiff's Title VII claim for failure to exhaust.

This court notes that other courts in the Middle District of North Carolina have similarly denied Plaintiff's attorney's attempts to amend a complaint by attaching EEOC filings in a response brief. See Chisolm, 629 F. Supp. 3d at 374. Alleging administrative exhaustion is a clear requirement of Title VII. Attempting to amend a complaint by attaching EEOC filings in a response to a motion to dismiss results in unnecessary filings and a waste of party and court resources. Plaintiff's attorney is warned that similar conduct in the future may result in the

- 13 -

award of attorney fees for any fees incurred by an opposing party for unnecessarily briefing the exhaustion issue.

**B.** **Race Discrimination in Violation of Section 1981**

"Section 1981 provides, in relevant part, that 'all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens,' and guards generally against race-based discrimination in the workplace." Lemon v. Myers Bigel, P.A., 985 F.3d 392, 399 (4th Cir. 2021) (quoting 42 U.S.C. § 1981). In the case of discharge or termination, the prima facie elements of a discrimination claim are: "(1) membership in a protected class, (2) discharge, (3) while otherwise fulfilling Defendants' legitimate expectations at the time of his discharge, and (4) under circumstances that raise a reasonable inference of unlawful discrimination." Bing v. Brivo Sys., LLC, 959 F.3d 605, 616 n.8 (4th Cir. 2020); see also Swaso v. Onslow Cnty. Bd. of Educ., 698 F. App'x 745, 747 (4th Cir. 2017).

As to the fourth element, Plaintiff must plead circumstances that give rise to a reasonable inference that race was the but-for cause of her termination. See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 589 U.S. ----, 140 S. Ct. 1009, 1019 (2020) ("To prevail [on a Section 1981 claim], a plaintiff must initially plead and ultimately prove that, but

- 14 -

for race, it would not have suffered the loss of a legally protected right.").

In Bostock v. Clayton County, 590 U.S. 644 (2020), the Supreme Court elaborated on the "but-for" causation standard:

> [A] but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause. This can be a sweeping standard. Often, events have multiple but-for causes. . . . [A] defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision.

Id. at 656. The court further explained: "An employer violates Title VII[3] when it intentionally fires an individual employee based in part on [a protected trait]. It doesn't matter if other factors besides the plaintiff's [protected trait] contributed to the decision." Id. at 659. Importantly, Bostock clarifies that a "but-for" cause does not require that a plaintiff's protected status be the "sole," "primary," or even "main" cause of the employer's action. Id. at 656, 664–65.

---

[3] Although the court discussed the "but-for" causation standard in the context of Title VII, it made clear it was elaborating on the "traditional" and "ordinary" meaning of "because of." Id. at 656. The "traditional" "but-for" causation standard applies in Section 1981 race discrimination cases. See Comcast, 140 S. Ct. 1009, 1013, 1015 (2020); see also Harwani v. Moses H. Cone Mem'l Hosp. Operating Corp., No. 21CV522, 2023 WL 2753655, at *6 (M.D.N.C. Feb. 28, 2023) (applying Bostock to a Section 1981 claim); D'Andra Millsap Shu, The Coming Causation Revolution, 43 Cardozo L. Rev. 1807, 1839 n.214 (2022) (collecting cases that have applied Bostock's but-for causation language to Section 1981 race claims).

- 15 -

Plaintiff has sufficiently alleged the first three elements of a discrimination claim. There is no dispute that Plaintiff, a Black woman, (see Compl. (Doc. 1) ¶ 8), is a member of a protected class and that her termination, (see id. ¶ 25), is an adverse employment action. See Smith v. UNC Health Care Sys., No. 20-CV-52, 2021 WL 1146936, at *7 (M.D.N.C. March 25, 2021). Additionally, Plaintiff sufficiently alleges she was fulfilling Defendant's expectations at the time of discharge, (see Compl. (Doc. 1) ¶ 25), which Defendant "accepts as true" "at this stage of the proceedings," (Def.'s Br. (Doc. 11) at 11 n.4).

As to the fourth element, Plaintiff alleges the relationship between herself and Delia, her White supervisor, and the circumstances surrounding her subsequent termination, give rise to an inference of unlawful discrimination. (Pl.'s Resp. (Doc. 10) at 5-6.)

- 16 -

As an initial matter, Plaintiff states she is not relying on comparator evidence to state her claim.[4] (Pl.'s Resp. (Doc. 10) at 6.) In the absence of direct evidence, comparator evidence is useful for discerning whether a given adverse action was the product of discrimination, but it is not required to state a claim. See Laing v. Fed. Express Corp., 703 F.3d 713, 719–20 (4th Cir. 2013) (discussing the general use of comparator evidence in race discrimination claims).

Plaintiff argues the following circumstances give rise to an inference of unlawful discrimination:

> [Plaintiff's] success as the only black employee in her territory angered her supervisor, Delia (white), so much that he hindered her professional development by telling the African American Business Leadership

---

[4] Despite facts in Plaintiff's Complaint alleging differential treatment between Plaintiff and her White co-worker, Hudson, Plaintiff states in her response: "comparator arguments would not be feasible here because [Plaintiff] was the only black employee in her territory." (Pl.'s Resp. (Doc. 10) at 6.) However, to make a comparator argument, it would not matter whether there were other Black employees in Plaintiff's "territory." To make a comparator argument, Plaintiff must allege "different treatment from similarly situated employees outside the protected class." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (emphasis added). Defendant argues that a potential comparator argument fails here because Plaintiff and Hudson had different jobs. (Def.'s Br. (Doc. 9) at 11–12.) This court will not consider whether Plaintiff has pled sufficient facts to establish Hudson as a comparator at this time because Plaintiff failed to respond to Defendant's arguments and explicitly stated she is not pursuing a comparator argument. Sawyers v. United Parcel Serv., Inc., No. 18-cv-1037, 2019 WL 4305771, at *3 (M.D.N.C. Sept. 11, 2019) ("This district and others within the Fourth Circuit agree that failing to respond to an argument constitutes an abandonment of a claim.").

- 17 -

> Program not to talk to her anymore, intentionally
> interfered with her ability to do her job by
> instructing IT not to set up interfaces for her
> accounts, and fired her a week before she was
> scheduled to make commission on $1.5 million in new
> business she had brought in.

(Pl.'s Resp. (Doc. 10) at 6.) Defendant replies that without a comparator argument, Plaintiff's Complaint amounts to "threadbare" allegations "that a white manager was not nice to a black employee." (Def.'s Reply (Doc. 11) at 2.) Defendant further argues Plaintiff's own allegations provide a plausible alternative explanation to racial animus. (Id. at 7.)

This court rejects Defendant's argument that Plaintiff's own allegations provide a plausible alternative explanation to racial animus. Plaintiff alleges that in July 2021, "Delia wrote [Plaintiff] up for not getting along well enough with Hudson, and because he mistakenly though[t] [Plaintiff] told a client something she had not." (Compl. (Doc. 1) ¶ 19.) Plaintiff also alleges that the July write-up "contained numerous additional alleged problems Delia had never mentioned." (Id. ¶ 22.) Finally, Plaintiff alleges that the reason given for her termination was a minor scheduling issue that occurred six months prior that was never brought up before her termination. (Id. ¶ 26; Pl.'s Resp. (Doc. 10) at 6.) Plaintiff argues the reason given for her termination was pretextual. (Pl's Resp. (Doc. 10) at 6.)

- 18 -

Inquiry into whether Defendant's nondiscriminatory explanation for terminating Plaintiff is in fact pretext is generally not proper at the motion to dismiss stage. See Woods v. City of Greensboro, 855 F.3d 639, 649 (4th Cir. 2017). However, under the pleading standards of Iqbal and Twombly, this court "must consider the plausibility of inferring discrimination . . . in light of an 'obvious alternative explanation' for the conduct." Id. In other words, this court must consider whether Defendant's explanation for Plaintiff's termination is "so obviously an irrefutably sound and unambiguously nondiscriminatory and non-pretextual explanation that it renders [Plaintiff's] claims of pretext implausible." Id.

For example, in Bingo v. Brivo Systems, 959 F.3d 605 (4th Cir. 2020), the Fourth Circuit affirmed the lower court's dismissal of the plaintiff's unlawful discrimination claim when the plaintiff specifically alleged a non-racial reason for his termination. Id. at 617. The plaintiff alleged that on his first day of work, an employee fired him after finding an online article that described the plaintiff's "tangential involvement in a shooting." Id. at 609. The court declined to disregard the obvious explanation for the plaintiff's termination. Id. at 618; see also McRae v. Niagara Bottling, LLC, No. 20-CV-00131, 2021

- 19 -

WL 3518530, at *6 (W.D.N.C. Aug. 10, 2021) (dismissing the
plaintiff's race discrimination claim "when considering the
'obvious alternative explanation,' that Plaintiff was discharged
as a result of his violation of company policy and/or alleged
subsequent threats.").

Any "unchallenged performance issues"[5] do not provide an
"obvious alternative explanation" for Delia's actions and
Plaintiff's termination. Plaintiff argues that the reason given
for her termination, a minor scheduling issue that occurred six
months prior, was pretextual. (Pl.'s Resp. (Doc. 10) at 6.)
Plaintiff also contests the issues raised in the July write-up.
(Compl. (Doc. 1) ¶¶ 19—22.) These facts do not provide an
"obvious alternative explanation" for Delia's actions and
Plaintiff's termination. See Harwani v. Moses H. Cone Mem'l
Hosp. Operating Corp., No. 21CV522, 2023 WL 2753655, at *6
(M.D.N.C. Feb. 28, 2023) (rejecting defendants' argument that
the complaint included alternative, non-race-based explanations
for the adverse action when those explanations were "simply
Plaintiff's recitation of the reasons given for the termination,

_____

[5] Defendant, in referring to the "unchallenged performance
issues," cites to two allegations in Plaintiff's Complaint: (1)
the "numerous additional alleged problems" in the July write up
that Delia never mentioned prior; and (2) the reason Delia gave
Plaintiff for her termination — that Plaintiff had sent Delia a
late calendar invite six months ago. (See Def.'s Reply (Doc. 11)
at 7-8 (citing paragraphs 19, 22, and 26—27 of the Complaint).)

- 20 -

which Plaintiff contends were a pretext for discrimination, and Plaintiff has alleged specific facts to at least plausibly allege that those contentions were unfounded."). Moreover, any "performance issues" would not explain why Delia would "intentionally interfere[] with [Plaintiff's] ability to onboard new accounts by telling IT not to set up interfaces for them." (Compl. (Doc. 1) ¶ 23.)

However, "[e]ven where the complaint plausibly alleges the reason an employer gave for the termination of employment was false, it still must 'establish a plausible basis for believing . . . that race was the true basis for [the plaintiff's] termination.'" Weaver v. Cary Acad., No. 20-CV-593, 2021 WL 4428202, at *8 (E.D.N.C. Sept. 7, 2021) (quoting Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190–91 (4th Cir. 2010). Thus, even though Plaintiff has plausibly alleged the explanation for her termination was pretextual, Plaintiff's allegations must still plausibly show that she was terminated because of racial discrimination.

Plaintiff argues

there is no legitimate business reason for any of the things Delia did to [Plaintiff], as all of them, from interfering with the setup of new accounts to firing a high-earning salesperson, would have hurt the company. The only reasonable inference for these spiteful actions is that Delia would rather the company make less money than acknowledge the success of his territory's only black employee.

- 21 -

(Pl.'s Resp. (Doc. 10) at 6.) However, "[b]eing aware of no alternative explanation and guessing that conduct is racially motivated does not amount to pleading actual facts to support a claim of racial discrimination." Bing, 959 F.3d at 618. Furthermore, unfair or poor treatment from a supervisor outside the protected class, combined with speculative or conclusory allegations that that treatment is because of race discrimination is not sufficient to allow a court to infer an adverse action is based on race discrimination. See Smith v. UNC Health Care System, No. 20-cv-52, 2021 WL 1146936, at *7-8 (M.D.N.C. March 25, 2021) (holding the plaintiff failed to plausibly allege a Title VII claim when she failed to link her difficulties with her supervisor with racial discrimination).

Here, Plaintiff does plead one non-conclusory fact that may implicate racial bias. Specifically, Plaintiff alleges that Delia told Defendant's African American Business Leadership Program to stop speaking to Plaintiff. (Compl. (Doc. 1) ¶ 18.) The issue is whether this alleged fact can be plausibly connected to the decision to terminate Plaintiff. See Lemon v. Myers Bigel, P.A., 985 F.3d 392, 400 (4th Cir. 2021) (finding the plaintiff failed to link the one factually-specific, non-conclusory allegation of racially-motivated conduct, namely that

one shareholder complained about her "'play[ing] the black card' too often," with the adverse action).

Plaintiff has failed to connect Delia's statement to Delia's decision to terminate Plaintiff. Although Delia is the same individual who allegedly talked to the African American Business Leadership Program and terminated Plaintiff, Plaintiff's allegations lack details about the timing of the statement, Plaintiff's involvement with the African American Business Leadership Program, or details about the African American Business Leadership Program itself. Plaintiff's Complaint fails to allege sufficient detail to allow this court to infer that Delia terminated Plaintiff because of her race, based on the single fact that, at an unspecified time, Delia told the African American Business Leadership Program to stop speaking to Plaintiff. Plaintiff has failed to allege facts that give rise to a reasonable inference that race was the but-for cause of her termination.

## C.  <u>Race Discrimination in Violation of Title VII</u>

Defendant has not challenged the plausibility of Plaintiff's Title VII claim. Defendant's motion to dismiss challenges Plaintiff's Title VII claim for failure to exhaust and Plaintiff's Section 1981 claim for failure to state a claim. (<u>See</u> Def.'s Mot. (Doc. 8) at 2-3.) Defendant's brief in support

- 23 -

specifically argues that Plaintiff's Section 1981 claim fails because Plaintiff failed to allege that race was the "but-for" cause of her termination. (See Def.'s Br. (Doc. 9) at 5, 9, 14, 17.)

Defendant states in a footnote: "To the extent Plaintiff fails to state a claim for violation of Section 1981, she also fails to state a claim for violation of Title VII." (Id. at 2 n.1) In another footnote Defendant states: "Although [Defendant] contends that Plaintiff's Title VII Claim should be dismissed based on her failure to file a charge with the EEOC, the Complaint's failure to plausibly allege facts raising an inference of racial animus applies to both claims." (Id. at 9 n.2.)

Local Rule 7.3 requires all motions to "state with particularity the grounds therefor." LR7.3(b). Defendant's motion did not challenge the plausibility of Plaintiff's Title VII claim — it specifically argues that Plaintiff failed to allege that race was a "but-for" cause of Plaintiff's termination.[6]

_____

[6] To the extent Defendant attempts to expand its argument in its reply brief, based on two footnotes in its initial supporting brief, this court declines to allow Defendant to do so.

- 24 -

Defendant's "but-for" arguments do not supply a basis for dismissal of Plaintiff's Title VII claim because for status-based discrimination claims brought under Title VII, a plaintiff is not required to allege "but-for" causation.

> An employee who alleges status-based discrimination under Title VII need not show that the causal link between injury and wrong is so close that the injury would not have occurred but for the act. So-called but-for causation is not the test. It suffices instead to show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision.

Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 343 (2013); see also Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 589 U.S. ----, 140 S. Ct. 1009, 1017—18 (2020) (distinguishing Title VII and Section 1981 causation standards). Although the prima facie elements of a discrimination claim under Title VII and Section 1981 are the same, Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 n.1 (4th Cir. 2002), Title VII offers an alternative path to establishing liability if a plaintiff shows that race was a "motivating factor" in an employer's decision. See Bostock v. Clayton County, Georgia, 590 U.S. 644, 656—58 (2020).

Additionally, this court's finding that that Plaintiff did not sufficiently allege a Section 1981 claim does not necessarily require a finding that Plaintiff failed to allege a

Title VII claim because the pleading burden under Section 1981
is higher than under Title VII. See id. at 657 ("Under this more
forgiving [motivating factor] standard, liability can sometimes
follow even if [a protected trait] wasn't a but-for cause of the
employer's challenged decision."); cf. Nadendla v. WakeMed, No.
18-CV-540, 2021 WL 1056521, at *2 (E.D.N.C. Feb. 23, 2021),
aff'd, 24 F.4th 299 (4th Cir. 2022) (finding, on a motion to
reconsider, that although plaintiff alleged that race may have
played some role, or even been a motivating factor of the
adverse action, she did not plausibly allege that race was a
but-for cause of employer's actions); Strata Solar, LLC v. Fall
Line Constr., No. 22cv106, 2023 WL 4638943, at *9 (E.D. Va. July
20, 2023) ("[E]ven accepting that this allegation would satisfy
the Title VII 'motivating factor' standard, it falls short of
satisfying the 'but for' § 1981 causation test.") Thus,
Defendant has not challenged the plausibility of Plaintiff's
Title VII claim.

## V.    CONCLUSION

For the reasons stated herein, this court finds Defendant's
Motion to Dismiss, (Doc. 8), should be granted. Plaintiff's
Title VII claim should be dismissed for failure to exhaust
administrative remedies and her Section 1981 claim should be
dismissed for failure to state a claim. This dismissal will be

- 26 -

without prejudice to Plaintiff re-filing her Complaint if merited.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. 8), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

A Judgment dismissing this action with be entered contemporaneously herewith.

This the 27th day of March, 2024.


_____
United States District Judge

- 27 -